**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHALONDA NICHOLE LASHE PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01683-RWS |
| | ) | |
| LINCOLN COUNTY SHERIFF | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Shalonda Nichole Lashe Page for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the claim against the Lincoln County Sheriff's Department, as well as the official capacity claim against Officer Kevin Unknown. However, the Court will direct the Clerk of Court to issue process on Officer Kevin Unknown in his individual capacity.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information provided by plaintiff, the Court will direct her to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the Court with a copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her inmate account statement in support of her claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

2

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Chillicothe Correctional Center in Chillicothe, Missouri. At the time relevant to this complaint, however, she was an inmate at the Lincoln County Jail in Troy, Missouri. (Docket No. 1 at 2-3). Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983, naming the Lincoln County Sheriff's Department and Officer Kevin Unknown as defendants. Officer Kevin Unknown is sued in both an official and individual capacity. (Docket No. 1 at 2).

In her "Statement of Claim," plaintiff asserts that she was arrested in Elsberry, Missouri on December 27, 2019 for a probation and parole warrant. (Docket No. 1 at 3). Following her arrest,

3

she was taken from her mother's apartment to the Lincoln County Jail. There, she was held "on a few misdemeanor charges and a no bond probation and parole warrant."

At the time, plaintiff states that she was "detoxing and crying" and did not feel like she deserved to be in jail, attributing her arrest to "lies and mess [ups]" by the probation and parole office. While at the jail, plaintiff encountered a "new correctional officer" she identifies as "Kevin." (Docket No. 1 at 5). According to plaintiff, Officer Kevin Unknown had "just got his police [license]." Plaintiff further states that Officer Kevin Unknown "kept laughing [and] asking [her] if [she] was calm and done crying."

Plaintiff ignored this, and slept for the next twenty-four hours. When she woke up, she asked Officer Auggie Unknown if she could be placed into general population. Officer Auggie Unknown agreed, and plaintiff moved to general population, where she states she slept another twenty-four hours. During this period, plaintiff asserts that she only left her cell for "about 20 minutes a day." When she did come out, she would notice Officer Kevin Unknown coming and "go back into [her] cell."

On December 29, 2019, plaintiff states that Officer Kevin Unknown came into her cell and woke her up. Next, she alleges that Officer Kevin Unknown "put his fingers into [her] vagina." Afterward, he "laughed in [plaintiff's] face," and "put his finger to his mouth telling [her] not to tell anyone." (Docket No. 1 at 6). Later that day, Officer Kevin Unknown returned to plaintiff's cell a second time, and "kept asking [plaintiff] not to tell anyone."

On April 3, 2020, plaintiff was transferred to the Warren County Jail. (Docket No. 1 at 6-7). Once there, she "brought up what happened to [her] and spoke to Mayor Eric Schleuter." (Docket No. 1 at 7). According to plaintiff, Mayor Schleuter "made a comment to [her] saying stuff like this happens all the time."

4

As a result of this incident, plaintiff states that she has dealt with mental health issues, and feels emotionally and mentally abused. (Docket No. 1 at 5). She is seeking "no less" than $10,000,000 in damages. (Docket No. 1 at 9-10).

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, claiming that she was sexually assaulted while at the Lincoln County Jail. For the reasons discussed below, the Court must dismiss the claim against the Lincoln County Sheriff's Department, as well as the official capacity claim against Officer Kevin Unknown. However, the Court will direct the Clerk of Court to issue process on Officer Kevin Unknown in his individual capacity as to plaintiff's Eighth Amendment sexual assault claim.

### A. Lincoln County Sheriff's Department

Plaintiff has named the Lincoln County Sheriff's Department as a defendant in this action.[1] However, as a department of local government, the Lincoln County Sheriff's Department is not a distinct juridical entity that can be sued. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Therefore, the claim against the Lincoln County Sheriff's Department must be dismissed.

---

[1] The Court notes that plaintiff has placed "Lincoln County Sheriff Department" in the case caption, along with the name "Kevin." However, she does not list the Sheriff's Department as a defendant in the section of the form complaint to identify the parties. Out of an abundance of caution, the Court will proceed as though plaintiff intended to sue the Lincoln County Sheriff's Department, as well as Officer Kevin Unknown.

Even if Lincoln County was substituted as the proper party defendant, plaintiff has not stated a municipal liability claim. A local governing body such as Lincoln County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Lincoln County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

6

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff's facts do not support the proposition that Lincoln County has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees.

First, plaintiff has not demonstrated that Lincoln County has an unconstitutional policy. That is, her facts point to no "policy statement, ordinance, regulation, or decision officially adopted

and promulgated by the municipality's governing body" as causing her harm. In other words, plaintiff does not show that her alleged assault came about as the result of "a deliberate choice of a guiding principle or procedure made by" the Lincoln County official "who has final authority regarding such matters." Instead, plaintiff's facts relate to a single incident of sexual assault by a correctional officer, who then tried to get her to remain quiet about the encounter. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) (explaining that a court cannot infer the existence of a policy from a single occurrence).

Second, plaintiff has not established the existence of an unconstitutional custom. To be sure, plaintiff alleges that while in Warren County, Mayor Schleuter allegedly told her that "stuff like this happens all the time." However, this vague statement, purportedly made by a mayor in Warren County, is not sufficient to show a pattern of sexual assaults at the Lincoln County Jail by Lincoln County staff, much less that Lincoln County officials were aware of this misconduct, and either tacitly authorized it or were deliberately indifferent to it. Rather, as noted above, plaintiff's facts are with regard to a single instance of sexual assault, and provide no indication of a widespread pattern.

Finally, plaintiff has failed to show that Lincoln County was deliberately indifferent in failing to train or supervise its employees. In particular, plaintiff has not alleged "pattern of similar constitutional violations by untrained employees." To the contrary, her facts relate to a single constitutional violation by one employee, and nothing in those facts suggest that the violation occurred because Officer Kevin Unknown was improperly trained or supervised.

For all these reasons, plaintiff has not stated a municipal liability claim against Lincoln County. Therefore, the claim must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in

his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B.   Official Capacity Claim Against Officer Kevin Unknown**

Plaintiff has sued Officer Kevin Unknown in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Officer Kevin Unknown is alleged to be employed by Lincoln County. As such, the official capacity claim against him is actually a claim against Lincoln County itself. To support such a claim, plaintiff must demonstrate that her constitutional rights were violated due to a Lincoln County policy, custom, or failure to train. *See Marsh*, 902 F.3d at 751 (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). However, as discussed above, plaintiff's factual allegations fail to support the proposition that Lincoln County had an unconstitutional policy or custom, or that it was deliberately indifferent in failing to train or supervise its employees. Therefore, the official capacity claim against Officer Kevin Unknown must be dismissed.

### C.  Individual Capacity Claim Against Officer Kevin Unknown

Plaintiff has also sued Officer Kevin Unknown in an individual capacity, alleging that he sexually assaulted her. The Eighth Amendment[2] protects those who are incarcerated from physical or sexual assault at the hands of correctional officers. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (stating that "sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries"). *See also Williams v. Prudden*, 67 Fed. Appx. 976, 977 (8th Cir. 2003) (explaining that inmate sufficiently stated "an Eighth Amendment claim by alleging that [defendant] ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her").

In this case, plaintiff alleges that Officer Kevin Unknown came into her cell in the Lincoln County Jail on December 29, 2019. While in the cell, he "put his fingers into [plaintiff's] vagina and told [her] to not tell anyone." The following day, Officer Kevin Unknown again came to plaintiff's cell, asking her not to tell anyone what had happened. The Court must accept these facts as true. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019) (explaining that a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff). As such, the Court will direct the Clerk of Court to issue

---

[2] In her complaint, plaintiff states that she is a convicted and sentenced state prisoner, meaning that the Eighth Amendment would apply to her claims. (Docket No. 1 at 2). At the time she was in the Lincoln County Jail, however, it appears she was also being held on misdemeanor charges, as well as a probation and parole warrant. (Docket No. 1 at 3). To the extent that plaintiff might have been a pretrial detainee, the Court notes that the Fourteenth Amendment provides a duty on jailers that is analogous to the Eighth Amendment. *See Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010) ("The Eighth Amendment does not apply to pretrial detainees, but the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees"); and *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (stating that the Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner"). Therefore, the Court will analyze plaintiff's complaint pursuant to the Eighth Amendment.

process on Officer Kevin Unknown in his individual capacity as to plaintiff's Eighth Amendment sexual assault claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claim against the Lincoln County Sheriff's Department and plaintiff's official capacity claim against Officer Kevin Unknown are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on Officer Kevin Unknown in his individual capacity as to plaintiff's Eighth Amendment sexual assault claim.

Dated this 5th day of March, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE