**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHALONDA PAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-01683-RWS |
| | ) |
| KEVIN SHELL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Shalonda Page's first amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss the official capacity claim against defendant Kevin Shell. Additionally, the Court will direct the Clerk of Court to issue process on defendant Shell in his individual capacity as to Count I and Count II, and on the state law claim in Count III.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## Background

Plaintiff is currently incarcerated at the Chillicothe Correctional Center in Chillicothe, Missouri. On November 25, 2020, she filed a civil action pursuant to 28 U.S.C. § 1983. (Docket No. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The motion was granted. At the time she filed her complaint, plaintiff was proceeding pro se.

The complaint concerned an alleged sexual assault that occurred when plaintiff was an inmate at the Lincoln County Jail in Troy, Missouri. According to plaintiff, a correctional officer identified only as "Kevin" came into her cell on December 29, 2019, and "put his fingers into [her] vagina." (Docket No. 1 at 5). Afterward, he "laughed in [plaintiff's] face," and "put his finger to his mouth telling [her] not to tell anyone." (Docket No. 1 at 6). Later that day, Officer Kevin Unknown returned to plaintiff's cell a second time, and "kept asking [plaintiff] not to tell anyone."

The Court reviewed plaintiff's complaint under 28 U.S.C. § 1915. On March 5, 2021, the Court dismissed the official capacity claim against Officer Kevin Unknown without prejudice. (Docket No. 4; Docket No. 5). However, the Court directed the Clerk of Court to issue process on Officer Kevin Unknown in his individual capacity as to plaintiff's Eighth Amendment sexual assault claim. (Docket No. 4).

Summons was returned unexecuted on March 15, 2021. (Docket No. 6). According to the return, plaintiff was unable to be located.

On March 23, 2021, counsel entered his appearance on plaintiff's behalf. (Docket No. 7). An amended complaint was also submitted that day. (Docket No. 8).

## The First Amended Complaint

Plaintiff has filed her first amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A). (Docket No. 8 at 1). The civil action is brought under 42 U.S.C. § 1983 for damages based on alleged violations of plaintiff's constitutional rights. Plaintiff also asserts that the Court has supplemental jurisdiction of the state-law claim pursuant to 28 U.S.C. § 1367(a). Kevin Shell, a Lincoln County Sheriff's deputy is named as the sole defendant. (Docket No. 8 at 2). Deputy Shell is sued in both his official and individual capacities.

Plaintiff states that on December 27, 2019, she was arrested in Lincoln County for violating the terms of her probation. As a result, she was placed in the Lincoln County Jail in Troy, Missouri. After arriving at the jail, plaintiff began to suffer "from drug-use withdrawal symptoms," including anxiety and depression. To cope with these symptoms, plaintiff attempted to stay in her cell and sleep as much as possible.

During plaintiff's time in the jail, Deputy Shell allegedly "took a liking to" plaintiff, and made "flirting gestures toward her." (Docket No. 8 at 2-3). On December 29, 2019, Deputy Shell entered plaintiff's cell while she was sleeping. (Docket No. 8 at 3). Deputy Shell allegedly woke plaintiff, then placed "his hand in her pants and inserted his fingers in her vagina for the purpose of gratifying his sexual desire." Plaintiff states that she was "so shocked and repulsed as to be speechless." Deputy Shell told plaintiff not to tell anyone what he had done. Later, he returned to plaintiff's cell to again advise her not to tell anyone.

Following this incident, plaintiff "made an emergency hotline call under the Prison Rape Elimination Act." She was then transferred from the Lincoln County Jail to the Warren County Jail.

Based on these facts, plaintiff has presented three claims for relief. In Count I, she asserts that Deputy Shell violated her Eighth Amendment right to be free from cruel and unusual punishment. (Docket No. 8 at 4). In Count II, plaintiff claims that Deputy Shell's actions constituted a violation of her substantive due process rights to bodily integrity and privacy. (Docket No. 8 at 5). Finally, in Count III, plaintiff alleges that Deputy Shell's actions amounted to battery under Missouri law. (Docket No. 8 at 6).

**Discussion**

Plaintiff brings this civil action under 42 U.S.C. § 1983, alleging that Deputy Shell violated her constitutional rights by initiating inappropriate sexual contact. She also asserts a state-law claim of battery. Because plaintiff is proceeding in forma pauperis, the Court has reviewed the first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (providing that a court "shall dismiss" a case filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted). Based on that review, and for the reasons discussed below, the Court will dismiss the official capacity claim against Deputy Shell. However, the Court will direct the Clerk of Court to issue process on Deputy Shell in his individual capacity as to Counts I and II, and on the state-law claim in Count III.

**A. Official Capacity Claim Against Deputy Shell**

Plaintiff has sued Deputy Shell in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official

4

capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Deputy Shell is alleged to be employed by Lincoln County. As such, an official capacity claim against him is treated as a claim against Lincoln County itself, his employer.

A local governing body such as Lincoln County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Lincoln County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829

5

F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

6

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff's facts do not support the proposition that Lincoln County has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees.

First, plaintiff has not demonstrated that Lincoln County has an unconstitutional policy. That is, her facts point to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as causing her harm. In other words, plaintiff does not show that her alleged assault came about as the result of "a deliberate choice of a guiding principle or procedure made by" the Lincoln County official "who has final authority regarding such matters." To the extent that plaintiff makes any mention of a policy, it is to assert that Deputy Shell's actions were taken in violation of Lincoln County Jail policies, rather than because of them. Moreover, plaintiff's facts relate to a single incident of sexual assault by a correctional officer, who then tried to get her to remain quiet about the encounter. The Court cannot infer the existence of a policy from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, plaintiff has not established the existence of an unconstitutional custom, because her facts do not establish the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Lincoln County employees, much less that Lincoln County policymaking officials were deliberately indifferent to or tacitly authorized such misconduct.

7

Rather, as noted above, plaintiff's allegations concern a single incident of misconduct, not a "persistent pattern." The Court cannot infer the existence of a custom from a single occurrence. *Id*.

Finally, plaintiff has failed to show that Lincoln County was deliberately indifferent in failing to train or supervise its employees. In particular, plaintiff has not alleged "pattern of similar constitutional violations by untrained employees." Instead, as already noted, her facts relate to a single constitutional violation by one employee, and nothing in the first amended complaint suggests that the alleged violation of her rights occurred because Deputy Shell was improperly trained or supervised.

For all these reasons, plaintiff has not stated a municipal liability claim against Lincoln County. Because she has not demonstrated the liability of Lincoln County, the official capacity claim against Deputy Shell must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Individual Capacity Claims Against Deputy Shell

Plaintiff has also sued Deputy Shell in an individual capacity, alleging a violation of the Eighth Amendment in Count I, and a violation of substantive due process in Count II.

As to Count I, the Eighth Amendment protects those who are incarcerated from physical or sexual assault at the hands of correctional officers. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (stating that "sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries"). *See also Williams v. Prudden*, 67 Fed. Appx. 976, 977 (8th Cir. 2003)

8

(explaining that inmate sufficiently stated "an Eighth Amendment claim by alleging that [defendant] ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her").

Here, plaintiff has alleged that Deputy Shell made inappropriate sexual contact with her while she was incarcerated at the Lincoln County Jail. She further states that Deputy Shell tried to keep her quiet after the contact was made. In response, plaintiff made a Prison Rape Elimination Act hotline call and was transferred to a different facility. The Court must accept these facts as true, and draw all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Court will direct the Clerk of Court to issue process on Deputy Shell in his individual capacity as to Count I.

With regard to Count II, plaintiff asserts a violation of substantive due process. In particular, she alleges that Deputy Shell violated her rights to bodily integrity and privacy by making sexual contact with her at a time when he had a duty to provide for her health and safety. As noted above, the Court must accept these facts as true, and draw all reasonable inferences in plaintiff's favor. Therefore, the Court will direct the Clerk of Court to issue process on Deputy Shell in his individual capacity as to Count II.

### C. State Law Battery Claim Against Deputy Shell

Finally, plaintiff has brought a state law battery claim against Deputy Shell. In Missouri, battery consists of "intended, offensive bodily contact with another person." *Devitre v. Orthopedic Center of St. Louis, LLC*, 349 S.W.3d 327, 334 (Mo. 2011). Here, plaintiff has presented facts showing that Deputy Shell made offensive sexual contact with her. This contact occurred while plaintiff was an inmate at the Lincoln County Jail, and incapable of giving consent. The Court must accept these allegations as true, and draw all reasonable inferences in plaintiff's favor.

Furthermore, the Court has supplemental jurisdiction over this claim because it is so related to the federal-question claims that it forms part of the same case or controversy. *See* 28 U.S.C. § 1367(a). As such, the Court will direct the Clerk of Court to issue process on Deputy Shell as to plaintiff's state law battery claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claim against defendant Kevin Shell is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Kevin Shell in his individual capacity as to Count I and Count II, and on the state law claim in Count III.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to reflect that the sole defendant in this action is Kevin Shell.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket to reflect that the case caption is *Page v. Shell*.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 30th day of March, 2021.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE